1

2

3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

4  BRENT OSTER,                                    No. C 09-00851 SBA

5          Plaintiff,                              **ORDER**

6      v.                                          **[Docket No. 6]**

7  STANDARD LIFE INSURANCE CO.; THE
   LUCASFILM LTD. GROUP LONG TERM
8  DISABILITY PLAN; and Does 1 through 20,
   inclusive,
9          Defendants.

10  _____

11

12          This matter is before the Court on Plaintiff's Motion for Remand.  Having read and

13  considered the papers presented by the parties, the Court finds this matter appropriate for disposition

14  without a hearing.  For the reasons discussed below, the Court DENIES the motion.

                                        **BACKGROUND**

15          This is an ERISA action.  Plaintiff is seeking payment of past long-term disability benefits.

16  Defendants timely removed.  Before removing to federal court, however, Defendants answered in

17  state court, in accordance with state court civil procedure, and asserted a general denial and eleven

18  affirmative defenses.  Defendants also included a prayer for judgment which requests, in relevant

19  part: "that Defendants recover its [sic] attorneys' fees and costs from Plaintiff as permitted by law."

20  [Kim Decl., Ex. E, the Answer].

21          Plaintiff timely filed a motion for remand on the ground that Defendants waived their right to

22  remove because they deliberately invoked state court jurisdiction to grant them affirmative relief

23  when they asked for fees and costs.  Defendants disagree, arguing that an answer that includes a

24  prayer for attorneys' costs and fees does not result in waiver of the right to remove.

                                      **LEGAL STANDARD**

25          The federal removal statute, 28 U.S.C. 1441, provides that "any civil action brought in a

26  State court . . . may be removed by the defendant or the defendants" to federal court on the basis of

27

28

United States District Court
For the Northern District of California

1  federal question or diversity jurisdiction.  28 U.S.C. 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d

2  787, 789 (9th Cir. 1977).  In a removal action, a district court must remand a case to state court if, at

3  any time before final judgment, the court determines that it lacks subject matter jurisdiction. *See* 28

4  U.S.C. § 1447 *et seq*.

5  The party seeking to invoke removal jurisdiction bears the burden of supporting its

6  jurisdictional allegations with competent proof. *See Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th

7  Cir.1992) (per curiam). District courts must construe the removal statutes strictly against removal

8  and resolve any uncertainty as to removability in favor of remanding the case to state court. *See*

9  *Takeda v. Northwestern Nat'l. Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir.1985).

10  "A party, generally the defendant, may waive the right to remove to federal court where,

11  after it is apparent that the case is removable, the defendant takes actions in state court that manifest

12  his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal

13  forum." *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1240 (9ᵗʰ Cir.1994). In

14  general, "the right of removal is not lost by action in the state court short of proceeding to an

15  adjudication on the merits." *Id*. "The waiver of the right of removal must be clear and

16  unequivocal." *Id*.

17  **DISCUSSION**

18  To lose or waive the right to remove a case to a federal court requires taking some substantial

19  offensive or defensive action in the state court action indicating a willingness to litigate in that

20  tribunal before filing a notice of removal with the federal court.  Waiver will not occur, however,

21  when the defendant's participation in the state action has not been substantial or was dictated by the

22  rules of that court. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*  365 F.3d 1244, 1246

23  (11ᵗʰ Cir. 2004) (citing Charles A. Wright, et al., 14B Federal Practice & Procedure § 3721 (2003)).

24  Whether the state court defendant had waived his right to remove based on "active participation

25  must be made on a case-by-case basis." *Id*.

26  Simply filing an answer in state court does not waive Defendants' right to remove because

27  the Federal Rules of Civil Procedure themselves contemplate an answer in state court prior to

28  removal. *Acosta v. Direct Merchants Bank*, 207 F.Supp.2d 1129, 1131 (S.D.Cal. 2002) (citing

United States District Court
For the Northern District of California

1   FRCP 81(c), providing that "[r]epleading is not necessary unless the court so orders.  In a removed

2   action in which the defendant has not answered, the defendant shall have 20 days").  Plaintiff

3   contends remand is warranted because the defendants sought affirmative relief in state court by

4   including a prayer for attorneys' fees and costs in their answer.  In California, a defendant may

5   demonstrate his intent to invoke the jurisdiction of state court by "seeking affirmative relief in the

6   state court if not compelled to do so, *e.g.* filing a permissive counterclaim or cross-complaint."

7   *Acosta*, 207 F.Supp.2d at 1132; *see also* California Practice Guide: Federal Civil Procedure before

8   Trial, § 2:876.  Here, defendants have filed neither a counterclaim or cross-complaint.

9           Nor is there any authority to support Plaintiff's contention that a prayer for attorneys' fees

10   and costs is a request for "affirmative relief" analogous to a permissive counterclaim or cross-

11   complaint.  Black's Law Dictionary defines "affirmative relief" as "the relief sought by a defendant

12   by raising a counterclaim or cross-claim that could have been maintained independently of the

13   plaintiff's action."  Examples of other independent claims include a compulsory counterclaim, a

14   request to compel arbitration, a claim for contribution against a codefendant, and a statutory claim

15   for damages flowing from a preliminary injunction.  *See* AMJUR DISMISSAL § 83 (citations

16   omitted).   The complaint is brought under ERISA, which gives courts the discretion to award

17   reasonable fees to either party.  29 U.S.C. §1132(g)(1) (entirely discretionary, and no explicit

18   requirement that only a prevailing party may seek fees).  To the extent that defendants seek any

19   relief, it is entirely dependent upon plaintiff's cause of action rather than independent of it, and thus

20   does not meet the standard of "affirmative relief."

21           Nor is the Court persuaded that the prayer to "recover[] attorneys' fees and costs as permitted

22   by law," included at the end of a responsive pleading, qualifies as a "clear and unequivocal"

23   expression of defendants' willingness to litigate in state court and give up their right to remove to

24   federal court.

25

26

27

28

3

**United States District Court**
For the Northern District of California

## CONCLUSION

For the reasons discussed herein, the Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: 5/6/09                                              *Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge