Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
Chantelle C. Egan (State Bar No. 257938)
cegan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

Attorneys for Defendants
STANDARD INSURANCE COMPANY and THE
LUCASFILM LTD. GROUP LONG TERM
DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRENT OSTER,<br><br>   Plaintiff,<br><br> v.<br><br>STANDARD INSURANCE COMPANY;<br>THE LUCASFILM LTD. GROUP<br>LONG TERM DISABILITY PLAN; and<br>DOES 1 through 20, inclusive,<br><br>   Defendants. | Case No. C 09-00851 (SBA)<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, LITIGATION EXPENSES AND PRE-JUDGMENT INTEREST<br><br>HEARING DATE: APRIL 8, 2011<br>TIME: 9:00 A.M.<br><br>COURTROOM: A, 15TH FLOOR<br>DIVISION: SAN FRANCISCO<br><br>MAGISTRATE JUDGE:<br>HON. JOSEPH SPERO<br><br>REFERRING JUDGE:<br>HON. SAUNDRA ARMSTRONG |

## I. INTRODUCTION

Plaintiff Brent Oster's Motion for Attorney's Fees, Litigation Expenses and Pre-Judgment Interest (the "Motion") disregards Ninth Circuit precedent and the Federal Rules of Civil Procedure. Plaintiff seeks an order awarding prejudgment interest that should have been part of the judgment. Plaintiff also seeks fees and costs incurred during claim administration that are prohibited by Ninth Circuit authority, which expressly limits the award of fees and costs in ERISA actions to only those incurred during litigation. Defendants Standard Insurance Company ("Standard") and The Lucasfilm Ltd. Group Long Term Disability Plan (the "Disability Plan") respectively request that the Court deny his motion to the extent that it overreaches and seeks to recover amounts contrary to the law.

## II. ARGUMENT

### A. Plaintiff's Request for Prejudgment Interest in a Post-Judgment Motion is Improper.

#### 1. Prejudgment Interest Was Not Part of the Judgment.

On October 8, 2010, the Court filed under seal its Findings of Fact and Conclusions of Law, ordering the parties to meet and confer in order to stipulate to the amount of benefits owed under the Long Term Disability Insurance Policy No. 638213-T.[1] The parties complied and reached an agreement as to the amount to benefits. *See* Joint Stipulation Regarding Benefits & Order (Docket No. 97). During this meet and confer process, Plaintiff proposed that the parties jointly file a proposed judgment with the agreed benefits amount as the sole damages. Declaration of Chantelle C. Egan. ¶ 3, Ex. A. As "[t]he right to appeal…and file a motion for attorney's fees are predicated on the entry of a judgment," Plaintiff suggested that offering the Court a proposed judgment would assist in a "judgment [being] timely entered and the parties clearly know[ing] the applicable deadlines for appeal and a fee motion." *Id.* at ¶ 3, Ex. B. Ultimately, Plaintiff independently filed a [Proposed] Judgment providing the agreed benefits amount as the sole damages. *See* Notice of Filing of Proposed Judgment (Docket No. 96), Ex. A

---

[1] On January 5, 2011, the Court publicly filed a redacted version of the same Findings of Fact and Conclusions of Law (Docket No. 99).

(Docket No. 96-1). Standard considered Plaintiff's [Proposed] Judgment providing only for the agreed upon benefits, and based on Plaintiff's proposal, did not file a counter proposed judgment. Egan Decl., ¶4. The Court adopted Plaintiff's [Proposed] Judgment and entered Judgment (Docket No. 98) on December 28, 2010.

Now Plaintiff seeks to modify his [Proposed] Judgment by tacking prejudgment interest onto his post-judgment Motion. But, prejudgment interest is an element of damages and must be part of the judgment. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) ("prejudgment interest 'is an element of [plaintiff's] complete compensation.'") (quoting *West Virginia v. United States*, 479 U.S. 305, 310, and n. 2 (1987)). It is not a proper topic for a post-judgment motion for fees and costs. *Id.* at 175-176 ("unlike a request for attorney's fees or a motion for costs, a motion for discretionary prejudgment interest does not rais[e] issues wholly collateral to the judgment in the main cause of action, nor does it require an inquiry wholly separate from the decision on the merits....Thus, we conclude that a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply.") (quotations and citations omitted).

Federal Rule of Civil Procedure 59(e) provides the procedural parameters under which a party can move to substantively alter or revise an entered judgment.[2] A motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e). The Court has "no power to extend the time for filing a Rule 59(e) motion." *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993). Plaintiff failed to timely move to amend the judgment, although by filing the Motion plainly indicated his awareness that prejudgment

---

[2] Although Federal Rule of Civil Procedure 60(a) allows for correction of clerical errors, Rule 59(e) governs a post-judgment motion seeking prejudgment interest because said motion substantively revises the judgment. *See McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1128 & 1131-32 (9th Cir. 2004) ("Courts and litigants are best served by the bright-line rule, which accords with traditional understanding that a motion for prejudgment interest implicates the merits of the district court's judgment[;]" thus the Ninth Circuit "hold[s] that such a motion [to revise a judgment to include prejudgment interest] is not a correction of a clerical error, but is instead an alteration or amendment of the judgment under Federal Rule of Civil Procedure 59(e)") (citations omitted).

interest was not included within the judgment.[3]

Although Rule 59(e) controls revisions to a judgment to include prejudgment interest, Plaintiff fails to cite to – or even generally refer to – Rule 59(e) in his Motion. Rather Plaintiff relies solely on section 502(g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g) ("Section 502(g)"). See Motion (Docket No. 100), 1:2-5; see also [Proposed] Order Granting Motion ("Proposed Order") (Docket No. 105), 1:23-26. Although Section 502(g) permits "the court in its discretion [to] allow a reasonable attorney's fee and costs of [ERISA] action to either party," Section 502(g) does not authorize the revision of a judgment in an ERISA action to add prejudgment interest. Plaintiff's Motion seeking prejudgment interest is untimely and procedurally improper, and should be denied.

### 2. If Prejudgment Interest is Awarded, the Interest Rate Should be Calculated Pursuant to 28 U.S.C. Section 1961.

In the event the Court disregards the procedural barriers to the Motion's request for prejudgment interest, Ninth Circuit authority makes clear it should set the prejudgment interest rate pursuant to 28 U.S.C. section 1961 ("Section 1961"). The post-judgment interest rate for the week prior to the entry of the Judgment is .30%. Egan Decl., ¶ 10, Ex. D. Plaintiff improperly seeks the prejudgment interest rate provided by California Insurance Code section 10111.2, which is 10% – more than thirty times the Treasury bill rate used for calculating post-judgment interest.

"[U]nless the trial judge finds, on substantial evidence, that a different rate is appropriate" (*Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir. 1987)), the rate for prejudgment interest is the same as the rate for post-judgment interest, "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield…for the calendar week preceding [] the date of the judgment" and "computed daily to the date of payment…, and shall be compounded annually" (28 U.S.C. § 1961(a) & (b)). *See Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (2001). The Ninth Circuit has cautioned that

---

[3] Rule 59 was amended in 2009 to extend the time for filing a motion to amend the judgment from ten days to twenty-eight days in recognition that ten days provided an insufficient amount of time to craft a "satisfactory post-judgment motion." Fed. R. Civ. P. 59, Comm. Notes (2009 Amendment). Congress, therefore, made clear that twenty-eight days is sufficient time to file a post-judgment motion seeking to amend the judgment.

"[p]rejudgment interest is an element of compensation, not a penalty." *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 988 (9th Cir. 2001) (footnote omitted). Thus, "[a]lthough a defendant's bad faith conduct may influence whether a court awards prejudgment interest, it should not influence the rate of the interest." *Id.* Recent district court decisions have awarded prejudgment interest in accordance with federal law in ERISA cases. *See Grosz-Salomon*, 237 F.3d at 1164; *see also McAfee v. Metro. Life Ins. Co.*, 625 F. Supp. 2d 956, 972 (E.D. Cal. 2008); *Gardner v. Bear Creek Corp.*, 2007 WL 2318969, *20 (N.D. Cal. August 6, 2007) (denying Plaintiff's requested prejudgment interest of 10% pursuant to California Insurance Code section 10111.2, noting that "this is an ERISA case and it is federal law that applies, not California law").[4] Plaintiff provides no substantial evidence requiring a different result here.

### B. The Award of Attorney's Fees and Costs Must be Limited to Those Fees and Costs Incurred During the Litigation.

Plaintiff acknowledges that the Ninth Circuit has "held that ERISA claimants are not entitled to attorney's fees incurred during the mandatory internal appeal process," and even cites to the controlling Ninth Circuit authority, *Cann v. Carpenters' Pension Trust Fund for Northern California*, 989 F.2d 313, 315-17 (9th Cir. 1993). Motion, 20:8-12. Despite Plaintiff's opinion that such precedent was incorrectly decided, Plaintiff offers no legal foundation establishing that this Court can or should depart from controlling Ninth Circuit law. *Id.* at 20:8-15. Accordingly, the Court should deny all the attorney's fees and costs detailed in Exhibit A to the Declaration of Terrence J. Coleman (Docket No. 101 & 101-1) as these fees and costs admittedly were generated during the claims process, not during the litigation. *See* Coleman Decl., ¶ 10, 5:13-14. Specifically, Plaintiff's attorney's fees of $70,563.50 and costs of $10,909.00, as detailed in Exhibit A, should not be awarded. Thus, the Court should award, at the most, $148,560.00 in fees and $8,533.55 in costs.

---

[4] Plaintiff's sole authority supporting application of the California state law rate of 10% does not provide any reason to depart from the weight of the law here. *See* Motion, 23:7-13.

Defs.' Opp. to Pl.'s Motion for Attorney's Fees,
Litigation Expenses & Prejudgment Interest,
Case No. C 09-00851 (SBA)

- 4 -

### C. Attorney's Fees and Costs Incurred in Filing the Instant Motion are Not Warranted.

Plaintiff also seeks the fees and costs associated with filing the instant Motion. However, if Plaintiff had properly met and conferred, this entire motion could have been avoided. Within fifteen minutes of Standard's counsel's receipt of Plaintiff's counsel's email, dated January 7, 2011, Standard's counsel responded that she would be available to meet and confer that same day. Egan Decl., ¶ 5, Ex. C. On January 10, 2011, counsel spoke telephonically. At that time, Plaintiff conditioned discussing the amount of fees and costs on Standard first unequivocally affirming Plaintiff's right to collect said fees and costs. Egan Decl., ¶ 6. Without knowing what fees and costs were sought, Standard was not in a position to make such an affirmation. Nor is it appropriate for Plaintiff to demand such admissions as a precursor to meeting and conferring – in fact, doing so defeats the purpose of meeting and conferring, which is to explore the merits of a proposed motion. Standard requested that Plaintiff provide the details of the fees and costs that Plaintiff intended to seek in his motion because, although Standard could not definitively affirm that Plaintiff was entitled to fees and costs, Standard recognized that fees are often awarded to prevailing ERISA plaintiffs, and had an interest in avoiding motion practice. *Id.* Standard stated, if the requested fees and costs were reasonable, that it would consider entering into a joint stipulation. Plaintiff refused to provide any information about the amount of fees and costs that he intended to seek. *Id.*.

If Plaintiff had meaningfully engaged in the meet and confer process, as required by Local Rule 54-5(a) and this Court's Standing Order, and provided Standard with the amount of fees and costs he planned to seek through motion practice, Standard would have been willing to stipulate to attorney's fees and costs incurred during the litigation, totaling $148,560.00 in fees and $8,533.55 in costs. The other amounts sought are not supported by the law (*see* Sections A & B above regarding prejudgment interest and attorney's fees for claim administration), and Plaintiff should not be awarded fees and costs for bringing a motion seeking amounts inconsistent with controlling law.[5] In fact, Plaintiff's failure to meet and confer and filing an unnecessary motion to

---

[5] Moreover, although Standard is not yet privy to the amount of fees and costs Plaintiff seeks in filing the instant Motion, Standard contends that Plaintiff's effort in filing the Motion

seek improper fees and costs supports an award of Standard's fees in opposing the Motion. Standard incurred approximately $8,516.60 in fees. Egan Decl. ¶ 7.

### III. CONCLUSION

For the foregoing reasons, Standard respectfully requests the Court to award Plaintiff no more than $148,560.00 in fees and $8,533.55 in costs, deny Plaintiff's request for prejudgment interest and award Standard attorney's fees in the amount of $8,516.60.

Dated: February 11, 2011

Respectfully submitted,

JONES DAY

By: /s/ Chantelle C. Egan
Chantelle C. Egan

Attorneys for Defendants
STANDARD INSURANCE COMPANY and
THE LUCASFILM LTD. GROUP LONG
TERM DISABILITY PLAN

SFI-660953v1

---

(continued...)

was minimal, as the recurrent appearance of incorrect party names in the Motion and the accompanying proposed order indicate that Plaintiff simply recycled a previously drafted motion, rather than crafting an original brief. *See, e.g.*, Motion, 15:5 & 19:24 ("Sun Life"); [Proposed] Order, 1:21 ("Plaintiff's Charles A. Martorello's Motion").